FILED
MISSOULA, MT

2007 JAN 23 PM 2 21

PATRICK E. DUFFY
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RYAN SCOTT JAMES PRICE,<br><br>Petitioner,<br><br>vs.<br><br>SHERIFF JAMES CASHELL,<br><br>Respondent. | CAUSE NO. CV 05-77-M-DWM-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY HABEAS PETITION |

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Price is challenging his conviction for custodial interference in violation of Mont. Code Ann. § 45-5-304 pursuant to an August 8, 2001 guilty plea. Price has also filed a Motion for Order of Mental Health Records from the Montana Board of Parole (Document 18), a Motion to Subpoena Medical Records (Document 19) and a Motion for Appointment of Counsel (Document 20).

On April 19, 2006, the Court determined that Price's petition was subject to summary dismissal based upon both procedural default and for failure to file within the applicable statute of limitations. (Document 11). Accordingly, the Court required Price to file a brief showing cause and prejudice, or in the alternative a fundamental miscarriage of justice excusing his

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE TO DENY HABEAS PETITION / PAGE 1

procedural default. In addition, Price was required to explain his failure to file his petition within the applicable limitations period.

In light of Price's filings and out of an abundance of caution the Court will examine the merits of Price's claims.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Montana Supreme Court opinions in Price's underlying state court cases, the facts of this matter are as follows:

In February 2000, Price filed a petition for dissolution of marriage in the Fourth Judicial District Court, in Missoula County, Montana. Price and his wife, Ling Ling Cheng (Cheng), had a four-year-old daughter at the time. The parties entered into an amended interim parenting plan on February 24, 2000, wherein the child would reside with her mother during the week and she

---

[1] Price submits that he was diagnosed with Schizo-affective disorder a type of schizophrenia in August 2000 and remained untreated for this condition until late 2004 when he received treatment from a Department of Corrections physician.(Document 15, p. 2). There is some authority for the proposition that mental incompetence can establish cause and prejudice for overcoming a procedural default. In Sena v. New Mexico State Prison, 109 F.3d 652, 654 (10th Cir.1997), the court applied the standard exception to the procedural default rule, holding that it did not bar federal review of the habeas petitioner's claims where the petitioner's mental incompetence caused his default and prejudiced his defense. Id. at 654.

Price also alleges that his mental health issues justify equitable tolling in his case. AEDPA's statute of limitations may be tolled only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 541 (9th Cir.1998) (en banc) (citations and internal quotations omitted), cert. denied, 119 S.Ct. 1377 (1999). Where the petitioner makes a threshold showing of mental incompetency, the statute of limitations may be tolled. Id.

The Court is not convinced that Price has met necessary threshold to demonstrate mental incompetence. Further, Price has not demonstrated how his mental health conditions caused him to not file his habeas petition on time. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005) (requiring a "causal connection" between the alleged extraordinary circumstances and the failure to file a timely petition), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006).

would stay with Price on the weekends from Friday at 3:00 p.m., until Monday at 8:30 a.m. The interim parenting plan also provided that child would be exchanged at designated locations in Missoula. The parties could not agree on a final parenting plan, so a non-jury trial was set for Monday, October 23, 2000.

As provided under the interim plan, Price had custody of his daughter the weekend prior to the October 23, 2000 trial. However, Price did not appear at the trial. According to Price's mother who was present in court, Price left Missoula in the middle of the night, taking his daughter with him. The bench trial proceeded and the court ultimately found the marriage to be irretrievably broken. The trial court adopted Cheng's proposed parenting plan and gave her custody of the child. The district court ordered that custody of the child be delivered to Cheng immediately, and that the child's passport be returned to Cheng. Later the same day, Cheng reported to the Missoula City Police that Price had failed to return the child as he was required to do earlier that day.

Over the next two days, Missoula law enforcement learned Price had been staying in various locations, including Polson, in Lake County, and Columbia Falls, in Flathead County. Price was ultimately discovered in Lake County at a bed and breakfast in St. Ignatius, Montana, where Lake County Sheriff Deputies arrested him on October 26, 2000. Apparently, the child was with Price when he was arrested and she was later reunited with her mother.

On November 21, 2000, Price was charged by Information in Missoula County with custodial interference, a felony, pursuant to § 45-5-304, MCA, to which he plead not guilty at his arraignment eight days later. In the Information charging Price, the State asserted the following

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE TO DENY HABEAS PETITION / PAGE 3

facts constituted the offense of custodial interference:

> On or about October 23 through October 26, 2000, the above-named defendant, knowing he had no legal right to do so, took, enticed, and/or withheld a child, SLP, who had been entrusted by authority of law to the custody of Ling Ling Cheng, by Order of the Honorable C.B. McNeil, issued on October 23, 2000.

Price filed two separate motions to dismiss arguing that Missoula County was not a proper venue, and that Subsection (3) of the custodial interference statute, § 45-5-304, MCA, was constitutionally invalid. Following separate hearings, the district court denied both motions to dismiss.

Ultimately, the parties reached a plea agreement wherein Price agreed to plead guilty, and the State agreed to recommend a three-year deferred sentence. In the agreement, Price reserved the right to appeal the court's rulings on his motions to dismiss. The district court accepted Price's guilty plea and entered its Judgment on August 8, 2001, in accordance with the plea agreement. Price appealed the district court's rulings denying his motion to dismiss for improper venue, and his motion to dismiss on the grounds that § 45-5-304(3), MCA, is unconstitutional.

The Montana Supreme Court affirmed the judgment. See Price v. State, 2002 MT 229, 311 Mont. 439, 57 P.3d 42. However, sometime in late 2002, Price violated his probation and his deferred sentence was revoked. Price explained that on November 11, 2002 he was sentenced to serve a ten-year sentence with five years suspended.[2] Price apparently pled guilty to a violation of his probation on a charge of misdemeanor assault which was later reduced to disorderly conduct. (Document 15–Price's brief on cause and prejudice, p. 3). It was after this revocation that Price moved the District Court to withdraw his guilty plea. The District Court

---

[2] The Department of Corrections website indicates that Price was sentenced on November 7, 2002 to five years partially suspended.

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE TO DENY HABEAS PETITION / PAGE 4

denied Price's motion on March 19, 2004 and he appealed that denial to the Montana Supreme Court.

On appeal, Price alleged that (1) he did not have notice of the district court's order of October 23 granting custody of his daughter to his ex-wife; (2) his counsel was ineffective for not raising a defense to the charge; (3) he was prevented from voluntarily returning his daughter or was he trying to return her when he was arrested; and (4) he did not make a voluntary and intelligent guilty plea.

The Montana Supreme Court addressed Price's ineffective assistance of counsel claim and concluded that Price had not established that his counsel was ineffective. See State v. Price, 110 P.3d 1057 (Mont. 2005).

## II. PETITIONER'S ALLEGATIONS

In this his federal habeas petition, Price raises three grounds for relief: (1) that he was wrongfully convicted of custodial interference when he should have been charged with violating a parenting plan; (2) that he received ineffective assistance of counsel because his counsel allowed him to plea guilty to custodial interference even though he knew the charge was in error; and (3) that the trial Court improperly denied his motion to withdraw his guilty plea.

## III. ANALYSIS

The only federal claims that can be considered by this Court are Price's ineffective assistance of counsel claims raised in his second and third grounds for relief.[3] While Price's first ground for relief alleges that Price was wrongfully charged (which could be construed as a claim

---

[3] Of the issues raised in Price's motion to withdraw his guilty plea, only the ineffective assistance of counsel claim raises a federal issue which can be addressed by this Court.

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE TO DENY HABEAS PETITION / PAGE 5

that there was no factual basis for his guilty plea), he may not seek habeas relief based on a pre-plea constitutional violation.

> As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas corpus relief on the basis of pre-plea constitutional violations. A defendant may only attack the "voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases."

Hudson v. Moran, 760 F.2d 1027, 1029-30 (9th Cir.), cert. denied, 474 U.S. 981, 88 L. Ed. 2d 339 (1985) (internal citations omitted) (quoting Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973)); see also Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1995).

Therefore, the Court will only consider Price's claims that his counsel was ineffective for allowing him to improperly plead guilty. To demonstrate ineffective assistance of counsel a petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 698 (1984). However, just showing a different result is insufficient. Strickland mandates a showing of conduct that is "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Because both prongs of the Strickland test must be met, the court need not analyze whether counsel's performance was deficient if the petitioner fails to show actual prejudice from the alleged deficiency. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course

should be followed." Id.

The standards set forth in Strickland apply to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58, 88 L. Ed. 2d 203 (1985); Moran v. Godinez, 57 F.3d 690, 699 (9th Cir. 1994). In the context of a guilty plea to show a prejudicial result the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The Montana Supreme Court directly addressed this issue in Price's appeal of the denial of his motion to withdraw his guilty plea. In that decision, the Montana Supreme Court specifically noted that, "Price pled guilty to custodial interference and the sentence was deferred. Price did not allege that his counsel was ineffective until his subsequent actions resulted in a revocation of the deferred sentence. We have carefully reviewed the record and the law. We conclude that Price has not established that his counsel was ineffective." State v. Price, 110 P.3d 1057 (2005).

AEDPA "modifies the role of federal habeas courts in reviewing" habeas petitions. Williams v. Taylor, 529 U.S. 362, 403 (2000)(O'Connor, J., concurring). "The Supreme Court has said that § 2254(d)(1) imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state court decisions be given the benefit of the doubt.'" Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003)(citing Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997) and Woodford v. Visciotti, 537 U.S. 19, 123 S.Ct 357, 360 (2003)(per curiam)).

Following the AEDPA's enactment, 28 U.S.C. § 2254(d) now reads as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A state court's decision is 'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result." Ortiz-Sandoval v. Clarke, 323 F.3d 1165, 1169 (9th Cir. 2003)(citing Lockyer v. Andrade, 538 U.S. 63, 73 (2003)).

"A state court's decision is an 'unreasonable application' of federal law if it is 'objectively unreasonable,' which 'requires the state court decision to be more than incorrect or erroneous.' Thus, 'an unreasonable application is different from an incorrect one.'" Id. at 1169-1170 (citing Lockyer, 538 U.S. at 75 and Bell v. Cone, 535 U.S. 685, 122 S.Ct. 1843, 1850 (2002)).

With regard to factual issues, habeas relief can only be granted if the adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). "As to more debatable factual determinations, the care with which the state court considered the subject may be important." Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997)(en banc) cert. denied 522 U.S. 1008 (1997) overruled on other grounds by Lindh, 521 U.S. 320. Further, AEDPA directs that factual findings of the state court be granted a presumption of correctness that can only be

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE TO DENY HABEAS PETITION / PAGE 8

rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Jeffries, 114 F.3d at 1499-1500.

This Court cannot say that the Montana Supreme Court's determination that there was no ineffective assistance of counsel was objectively unreasonable. The Montana Supreme Court correctly stated the federal standard under Strickland for evaluating ineffective assistance of counsel claims. Although not expressly stated, it appears that the Montana Supreme Court made this determination based on the no jail time deferred sentence which Price received as a result of the guilty plea. Further, Price did not expressly allege that he would not have plead guilty and would have insisted on going to trial if his counsel had not been ineffective. In Hill the Court affirmed the denial of a habeas evidentiary hearing and the dismissal of the petition because the petitioner failed to allege in the petition that he would not have plead guilty and that he would have insisted on going to trial if his counsel correctly informed him about his parole eligibility date. Hill, at 60, 106 S. Ct. at 371.

In light of Price's initial sentence and the timing of his objections, the Montana Supreme Court reasonably determined that Price did not establish that he would have insisted on going to trial. This is not an unreasonable application of federal law given the facts of this case. AEDPA directs that factual findings of the state court be granted a presumption of correctness that can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Price has not presented any evidence to rebut this presumption of correctness. Simply stated, Price cannot reap the benefit of his guilty plea only to change his mind once his deferred sentence was revoked.

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE TO DENY HABEAS PETITION / PAGE 9

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), as amended by the AEDPA, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236, 240 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The "substantial showing" standard can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

The United States Supreme Court has defined the standard of issuance for a COA as follows:

> To obtain a COA under §§ 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

Slack v. McDaniel, 529 U.S. 473, 483-484 (2000)(citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

"The court must resolve doubts about the propriety of a COA in the petitioner's favor." Jennings v. Woodford, 290 F.3d 1006 (9th Cir. 2002) (citing Lambright, 220 F.3d at 1025). In addition, a petitioner is not required to establish that he will prevail on the merits. Lambright, 220 F.3d at 1025 (citing Barefoot, 463 U.S. at 893 n.4). Rather, the COA requirement seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. Lambright, 220 F.3d at 1025.

The Ninth Circuit has described at least two examples of situations which may satisfy the Barefoot standard. First, the standard may be met where although there is a controlling rule in

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE TO DENY HABEAS PETITION / PAGE 10

the particular circuit, another circuit has reached a conflicting view. Id. at 1025-26. Second, a petitioner may persuasively argue that circuit law which forecloses relief should be reconsidered. Id.

The COA must indicate which issues satisfy the required showing. 28 U.S.C. § 2253(c)(3). Additionally, the district judge must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1).

Price has failed to make a substantial showing that he was deprived a federal constitutional right. Price entered a guilty plea and received a deferred sentence of three years. The Montana Supreme Court reasonably determined that Price did not receive ineffective assistance of counsel. Reasonable jurists would not debate whether this petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' Accordingly, any request for a certificate of appealability should be denied.

## V. PENDING MOTIONS

As set forth above, Price has also filed a Motion for Order of Mental Health Records from the Montana Board of Parole (Document 18), a Motion to Subpoena Medical Testimony (Document 19) and a Motion for Appointment of Counsel (Document 20). The Court has already indicated to Price that it will not get involved with his medical record requests. (See Document 17, p. 1).[4] As indicated above, the Court concedes that Price has some mental health

---

[4]Price raises a concern in his motion for mental health records that the June 16, 2006 Order denying mental health records (Document 17) was issued by the undersigned and not Judge Leif Erickson. However, Judge Erickson retired on June 9, 2006 and is no longer assigned to this case.

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE TO DENY HABEAS PETITION / PAGE 11

problems which could be the basis of cause and prejudice and a basis upon which to toll the statute of limitations. That is why the Court has considered the merits in this case. Accordingly Price's motion for mental health records and motion to subpoena medical testimony will be denied as moot.

With regard to Price's request for counsel, the Court has authority to appoint counsel pursuant to 18 U.S.C. § 3006A whenever the interests of justice so require. Unless an evidentiary hearing is required, the decision to appoint counsel in a 28 U.S.C. § 2254 proceeding is a discretionary matter. Terrovona v. Kincheloe, 852 F.2d 424, 429 (9th Cir. 1988). Generally, counsel should only be appointed when the circumstances of the case indicate that such appointment is necessary to prevent a due process violation. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) cert. denied 481 U.S. 1023 (1987).

Although Price in his motion indicated that a hearing had been ordered, this is incorrect. There has been no hearing held in this case and the Court finds that an evidentiary hearing is not necessary. Not only has Petitioner failed to meet the criteria set forth in 28 U.S.C. § 2254(e)(2), the Court has made a determination on the merits of Petitioner's claims and finds that an evidentiary hearing is unnecessary for making that determination. Furthermore, Petitioner has failed to show probable success on the merits of his claims as set forth above. Therefore, the Court does not find that appointment of counsel is necessary to prevent a due process violation.

Based on the foregoing, the Court enters the following:

### ORDER

1. Price's Motion for Order of Mental Health Records from the Montana Board of Parole

(Document 18) is **DENIED AS MOOT.**

2. Price's Motion to Subpoena Medical Records (Document 19) is **DENIED AS MOOT**; and

3. Price's Motion for Appointment of Counsel (Document 20) is **DENIED**.

Further, the Court enters the following:

## RECOMMENDATION

The petition for writ of habeas corpus should be **DENIED WITH PREJUDICE** and a Certificate of Appealability should be **DENIED**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of these Findings and Recommendation on Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 23rd day of January, 2007.

Jeremiah C. Lynch
United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE TO DENY HABEAS PETITION / PAGE 13