```
                                                    FILED
                                                 MISSOULA, MT

                                               2007 MAR 14  PM 5 33

                                                 PATRICK E. DUFFY
                                               BY _____
                                                    DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RYAN SCOTT JAMES PRICE, ) | CV 05-77-M-DWM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs.  ) | ORDER |
| ) | |
| SHERIFF JAMES CASHELL, ) | |
| ) | |
| Defendant. ) | |

United States Magistrate Jeremiah C. Lynch entered Findings and Recommendation in this matter on January 23, 2007. Petitioner Price is proceeding pursuant to 28 U.S.C. § 2254. Price objected and is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). The Parties are familiar with the factual and procedural history and so it will be recited only as necessary.

Judge Lynch concluded the petition should be denied and the Court agrees. Specifically, Judge Lynch correctly identified that the only portions of Price's petition that constitute federal claims are issues of ineffective assistance of counsel. The application of *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52, (1985) shows the petition

should be denied due to a lack of prejudice because Price has failed to demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Montana Supreme Court incorporated this jurisprudence into its analysis of Price's state law appeal.

Furthermore, pursuant to the Antiterrorism and Effective Death Penalty Act, state-court rulings in cases concerning habeas petitions are entitled to deference and are given the "benefit of the doubt." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (citations and internal quotations omitted). There has not been an unreasonable application of federal law as it concerns Price and nor has there been an unreasonable determination based upon the facts presented in state court. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); 28 U.S.C. § 2254(d). Consequently, the Montana Supreme Court sufficiently addressed Price's appeal: the correct federal standard was applied and the Court reasonably determined that Price failed to establish that he would have insisted on going to trial.

Judge Lynch also addressed the possibility of a certificate of appealability under 28 U.S.C. § 2253(c). Certificates of appealability require a "substantial showing of the denial of a constitutional right." *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000). As the *Lambright* Court observed, the requirement for a certificate of appealability limits frivolous appeals and the waste of judicial resources. *Id.* at 1025. Here,

Price is not entitled to a certificate of appealability where reasonable jurists would not debate the denial of his petition and would not find that it merits further consideration. *Slack v. Mc Daniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Price failed to make a substantial showing that he has denied a constitutional right. A certificate of appealability is denied.

Price objected but his reasoning is not persuasive. His primary objection concerns Judge Lynch's denial of his motion for the appointment of counsel. He cites the lack of effective counsel in the underlying proceedings and his mental illness as the reasons for need for counsel. As set forth above, however, Price has not established his claim of ineffective assistance of counsel in the state court proceedings and while Price may unfortunately suffer from mental illness, that does not provide a reason to appoint counsel at this juncture.

Accordingly, based upon the foregoing I adopt Judge Lynch's Findings and Recommendation (dkt #21) in full: Petitioner's petition for writ of habeas corpus is DENIED WITH PREJUDICE and a certificate of appealability is DENIED.

DATED this 14 day of March, 2007.

Donald W. Molloy, Chief Judge
United States District Court

-3-